# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARTIN A. ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case number 4:13cv0675 TCM |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This is an action under 42 U.S.C. § 405(g) for judicial review of the final decision of Carolyn W. Colvin, the Acting Commissioner of Social Security (Commissioner), denying Martin Robinson's (Plaintiff) application for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act), 42 U.S.C. § 401-433.[1] Plaintiff has filed a brief in support of his complaint, the Commissioner has filed an unopposed motion to remand.

The course of Plaintiff's application is unusually long. His application was filed in November 2003, denied following a hearing before Administrative Law Judge (ALJ) Jhane Pappenfus, remanded by the Appeals Council, and denied again by ALJ Randolph Schum following a November 2007 hearing. After this second hearing, the Appeals Council denied review. Plaintiff then sought judicial review under § 405(g). By Order of March 7, 2012, the Court remanded the case to the Appeals Council for a reevaluation of the opinions of

---

[1] The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

Lloyd Moore, Ph.D., a consultative examiner, and for evaluation of Plaintiff's intellectual functioning. See Robinson v. Astrue, 4:10cv1222 TCM (E.D. Mo. March 7, 2012).

On remand, another hearing was held in October 2012 before ALJ Pappenfus. The ALJ did not reevaluate Dr. Moore's February 1998 opinion on the grounds it was issued before the period in question – April 1998 to March 2002. (R. at 835.) In his supporting brief, Plaintiff notes that this decision (1) was contrary to this Court's instructions, (2) was error in that evidence before an alleged onset date can be relevant, (3) was contrary to the ALJ's duty to determine the alleged disability onset date as well as disability, and (4) was inconsistent in that a March 1998 assessment of a non-examining consultant was reviewed. Plaintiff further argues that the ALJ also erred by not considering a February 1998 opinion of Courtney Houchen, M.D., another consulting examiner.

In her motion to reverse and remand, the Commissioner states that on remand the Appeals Council will then remand to the ALJ with directions to reevaluate the record, including to "reconsider all the treating and examining source opinions, specifically including the opinions of Drs. Moore and Houchen, and provide an appropriate rationale for the weight accorded to such opinions." (Def.'s Mot. at 2, ECF No. 26.) The ALJ will also further consider Plaintiff's residual functional capacity, with appropriate rationale, and will, if necessary, obtain evidence from a medical expert and a vocational expert. (Id.)

A case seeking judicial review of the Commissioner's adverse decision may be remanded pursuant only to sentence four or six of § 405(g). See **Shalala v. Schaefer**, 509

U.S. 292, 296 (1993); **Melkonyan v. Sullivan**, 501 U.S. 89, 97-98 (1991). "Sentence four,[2] by its terms, authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing.'" **Buckner v. Apfel**, 213 F.3d 1006, 1010 (8th Cir. 2000) (quoting § 405(g)) (footnote added). The Commissioner's unopposed motion is properly considered a sentence four remand. See **Boyle v. Halter**, 165 F. Supp.2d 943, 943 n.2 (D. Minn. 2001) (noting that Commissioner's motion to remand after answer has been filed was appropriately made pursuant to sentence four). It will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of the Commissioner to reverse and remand is **GRANTED** [Doc. 26] and that this case is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings as outlined in the motion.

An appropriate Order of Remand shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  26th  day of February, 2014.

---

[2]Sentence four reads: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).